IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD C. MCGEE,

    Plaintiff,

v.                                                        CASE NO. 5:11-cv-80-SPM-GRJ

TIFFT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently incarcerated at Gulf Correctional Institution Annex, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and later, a First Amended Complaint (Docs. 1, 7). Plaintiff has been granted leave to proceed as a pauper by separate order. Plaintiff's claims stem from an assault while incarcerated at Gulf C.I. Upon careful consideration of Plaintiff's Complaint, it is recommended that as to Defendants Sloan, Walter McNeil, and Gulf Correctional Institution, this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### Plaintiff's Allegations

The factual allegations of the Complaint may be summarized as follows. Sgt. Bush solicited another inmate to start a fight with Plaintiff in retaliation for filing grievances. The other inmate did not comply but instead alerted Plaintiff, who alleges he initiated a grievance whereby he notified Defendant Tifft that Sgt. Bush solicited an inmate to assault Plaintiff. Plaintiff alleges his institutional grievance and his August 2008 formal grievance to the Florida Secretary of the Department of Corrections were

ignored.  In January 2009, Plaintiff alleges that he was attacked in his cell by "assailants" and had to have "two titanium plates and seventeen pins."  Plaintiff alleges that Defendants Tifft, Sloan, and McNeil violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from the physical attack.  Plaintiff alleges that Defendant Bush retaliated against him for filing grievances by soliciting another inmate to start a fight with Plaintiff.  Plaintiff seeks damages and injunctive and declaratory relief.   (Doc. 7.)

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory

allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

For a prison official to be constitutionally liable for failing to protect the safety of inmate, (1) the deprivation alleged must be objectively, "sufficiently serious"; and (2) the official ignoring the substantial risk of serious harm to an inmate must have a state of mind that is deliberately indifferent to the inmate's safety. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

To proceed in a section 1983 claim, the Plaintiff must allege an affirmative causal connection between each specific Defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986).

## Discussion

Plaintiff contends that Defendants Tifft, Sloan, and McNeil ignored his grievances wherein he complained that Sgt. Bush solicited an inmate to start a fight with Plaintiff in retaliation for filing grievances and that (after what appears to be several months) he was physically attacked. However, Plaintiff does not allege any facts that

Assistant Warden Sloan personally participated in the alleged constitutional deprivation. Plaintiff alleges that he complained to Warden Tifft, who failed to protect him from physical harm.  As to Defendant McNeil, Plaintiff has failed to allege any factual details regarding the alleged violation of his federal constitutional rights other than a broad assertion that Plaintiff's formal grievance regarding the threat of harm, submitted to the Secretary's office, was ignored.  Under section 1983, liability can generally not be based upon *respondeat superior.*  Plaintiff has failed to allege sufficient facts to indicate that McNeil personally participated in the alleged deprivation of Plaintiff's rights.  Finally, Gulf Correction Institution is an improper defendant and suit is proscribed by the Eleventh Amendment.  *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).

## Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1.  Defendants Sloan, McNeil and Gulf Correctional Institution be dismissed as parties to this action pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.; and

2.  The case remain pending against Defendants Tifft and Bush.

**IN CHAMBERS**  this 29th  day of November 2011.

    *s/ Gary R. Jones*
    GARY R. JONES
    United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**