IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD C MCGEE,

      Plaintiff,

v.                                        CASE NO. 5:11-cv-80-RS-GRJ

TIFFT, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Pending before the Court is Defendants' Motion To Dismiss (Doc. 28).  Plaintiff

has filed a response (Doc. 29) as well as additional pleadings (Docs. 36, 37) after the

undersigned afforded him the opportunity to further develop the record as to

exhaustion.  (Doc. 34.)  Therefore, the motion is ripe for review.  For the reasons

discussed below, it is recommended that the Motion to Dismiss (Doc. 28) be granted.

### I. Introduction

      Plaintiff, a state prisoner, alleges in his amended complaint that Defendant Bush,

a correctional officer, solicited another inmate to start a fight with Plaintiff in retaliation

for filing grievances.  The other inmate did not comply but instead alerted Plaintiff, who

alleges he initiated a grievance whereby he notified Defendant Tifft, warden at Gulf C.I.,

that Sgt. Bush solicited an inmate to assault Plaintiff.  Plaintiff alleges his August 2008

grievance was ignored.  In January 2009, Plaintiff alleges that he was attacked in his

cell by "assailants" and had to have "two titanium plates and seventeen pins."  Plaintiff

alleges that Defendant Tifft violated his Eighth Amendment right to be free from cruel

and unusual punishment by failing to protect him from the physical attack.  Plaintiff

alleges that Defendant Bush retaliated against him for filing grievances by soliciting another inmate to start a fight with Plaintiff.  Plaintiff seeks damages and injunctive and declaratory relief.   (Doc. 7.)

## II.  <u>STANDARD OF REVIEW</u>

The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions.  "This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or inadequate.'" *Logue, v. Pearson,* 2011 U.S. Dist. LEXIS 66950, *2-3 (S.D. Ga. 2011) (citing *Harris v. Garner,* 190 F.3d 1279, 1285-86 (11th Cir. 2005))*.*  Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted.  *See Jones v. Bock,* 549 U.S. 199, 211 (2002).

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12(b) and, thus, is treated like a defense of lack of jurisdiction.  *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008)*.*  Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008)*.*  The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true.  If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082.  If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

"Where exhaustion–like jurisdiction, venue, and service of process–is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record." *Bryant*, 530 F.3d at 1376.  Affording the district court this discretion advances the purposes of the PLRA: "Requiring jury trials to resolve factual disputes over the preliminary issue of exhaustion would be a novel innovation for a matter in abatement and would unnecessarily undermine Congress's intent in enacting the PLRA's exhaustion requirement[.]" *Id.* at 1376-77 (internal citations omitted).

## III. DISCUSSION

The Florida Administrative Code provides a three-step administrative remedy process for inmates of facilities within the Florida Department of Corrections.  With certain exceptions, inmates initiate the process by submitting an informal grievance.   If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance.  If the inmate is dissatisfied with the response to the formal grievance, he can file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[1]  "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*.

---

[1] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

(quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

In their motion to dismiss, Defendants contend that Plaintiff failed to exhaust his administrative remedies.  Attached to the motion to dismiss is an affidavit of Florida Department of Corrections Management Analyst Rebecca Padgham.  Ms. Padgham attests that her review of the DOC administrative remedy records reveals that Plaintiff did not file a grievance appeal in which Plaintiff complained that Sgt. Bush solicited another inmate to start a fight with Plaintiff; nor did Plaintiff file a grievance appeal stating that he informed Warden Tifft of the incident.  Records attached to Ms. Padgham's affidavit evidence that Plaintiff did not file any grievance appeals in 2008. (Doc. 28, Exh. B, pp. 1-2.)   Also attached to the motion to dismiss is an affidavit of Gulf C.I. Records Custodian Monica Pitts.  (Doc. 28, Exh. C., pp. 1-2.)  Ms. Pitts attests that Plaintiff only filed one informal grievance during the year 2008 and she was unable to locate any other informal or formal grievances from 2008.  The one institutional grievance filed in 2008 was unrelated to the events alleged in the instant suit.  (*Id.* at p. 2.)

Plaintiff contends in his amended complaint and in his response in opposition to the motion to dismiss that he filed a grievance at the institutional level and in August 2008 filed a formal grievance with Secretary of the Department of Corrections.  Plaintiff alleges that he received no response to either grievance.  (Doc. 7, p. 13; Doc. 29, p. 5.) In his response in opposition to the motion to dismiss, Plaintiff makes no effort to explain why there is no record of the grievances he alleges he filed at Gulf C.I. and with the DOC or why the entire three-step process was not completed.  (Doc. 29.)

In an abundance of caution, the Court permitted Plaintiff an opportunity to submit

evidence, if any, related to the grievances he allegedly filed related to his claims against

Defendants.  (Doc. 34.)  In response, Plaintiff submitted "Plaintiff's Objections to

Magistrate Judge's Order" (Doc. 36) and a "Declaration of Plaintiff" (Doc. 37). Although

Plaintiff contends that the Warden did not respond to his grievance, he does not specify

the grievance to which he is referring which would permit him to bypass the grievance

process.  Plaintiff also avers – without any supporting factual detail –  that "prison

official's serious threats of substantial retaliation against Plaintiff's person for lodging in

good faith grievances made the administrative remedy 'unavailable'."  Notably, Plaintiff

goes on to describe several grievances filed in 2007, none of which relate to his claims

in the instant case.  (Doc. 36.)  In his Declaration, Plaintiff states that the grievance log

submitted by Defendants in support of their motion to dismiss omits his 2007

grievances.  (Doc. 37.)

      While Plaintiff complains about the grievance logs from 2007 there is no material

factual dispute regarding exhaustion because Plaintiff has failed to file any copies of the

grievances he allegedly filed in August 2008 nor has he filed any other evidence that

suggests he filed any grievances in connection with the allegations underlying this suit.

Instead, Plaintiff has submitted a declaration asserting that the DOC grievance appeal

log omitted his 2007 grievances.  Attached to his declaration are a number of

institutional level grievances.  However, none of these grievances are relevant to the

claims against the Defendants in this case but rather relate to allegations of retaliation

and threats of harm by other correctional officers.

      To the extent Plaintiff makes a conclusory allegation in his "Objections" that

administrative remedies were unavailable because he feared retaliation (Doc. 36), this

is belied by his original assertion that he did file a grievance in August 2008 regarding

his claims against Defendants.  (Doc. 7.)  Though Plaintiff contends in his response that

his August 2008 grievances were ignored, Plaintiff offers no evidence (or explanation)

addressing the reasons he did not appeal or file an additional grievance. Most notably,

Plaintiff has failed to offer any evidence controverting the unrebutted sworn statements

by the DOC records custodians at the institutional and administrative levels that there is

no record that such grievances were filed.

The record is uncontroverted that Plaintiff did not file any grievances related to

his allegations that Defendant Bush solicited another inmate to assault Plaintiff, the

inmate refused and notified Plaintiff, and that several months later Plaintiff was attacked

in his cell by "assailants."  The undersigned, therefore, concludes that Plaintiff has

failed to exhaust available administrative remedies with regard to any of his claims

against the Defendants named in this case.  Accordingly, Defendants' motion to dismiss

is due to be granted.

## IV.  CONCLUSION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendants' motion to

dismiss for failure to exhaust administrative remedies (Doc. 28) should be **GRANTED**.

**IN CHAMBERS**  this 2nd day of October 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and**

recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.